EQUITY PRACTICE.

## DANIEL KEITH vs. JOHN C. WILLINGHAM, et al.

*Bill for Discovery, Relief, and Injunction. Motion to Dissolve Injunction.*

1. A decree in Chancery, obtained in favor of a person who died *pendente lite*, is void; and may be set aside by a subsequent original bill.

2. So, of a decree in favor of persons who never existed, or have been beyond seas, unheard of, for more than seven years.

3. But, as to other parties, such decree is conclusive, and cannot be reversed by a new original bill.

This is a bill, filed by complainant, against the defendants, praying an Injunction, upon the following state of facts:—The bill charges, that in the year 1829, one Nancy Brown died intestate, possessed in her own right of a lot of land, to wit, lot No. 207, in the 11th district of formerly Troup, now Meriwether, county, and that she left, as her heirs and next of kin, Lucretia, who had intermarried with Henry Knight; Sarah, who had intermarried with John C. Willingham; Nancy, who had intermarried with Colom Copland; Elizabeth Brown, Rebecca Brown, George Brown, and William Brown, children of William Brown, deceased; and Charity Brown, the widow of the said William, who was the son of the said Nancy Brown: and that complainant had been informed, that the said Nancy had another child, by the name of Elizabeth, who had intermarried with Stephen Vickers, who had long since removed from this State, and had not been heard of for many years; and that complainant, after the death of the said Nancy Brown, had become the purchaser, for a valuable consideration, of the entire interest of the said John C. Willingham, and Henry Knight, in and to said lot of land, to which they were claimants, as heirs and next of kin, in right of their wives, the interest of the said Willingham and Knight having been levied on and sold, at sheriff's sale. And that complainant took upon himself the administration of the estate of the said Nancy Brown, for the purpose of securing the interest in said

estate, which he had purchased, as aforesaid; and that he sold said lot of land, in his character of administrator, for the sum of eight hundred dollars. And that a bill was filed, at the instance of the said John C. Willingham, and as he, complainant, believes, without any authority from the other heirs of the said Nancy Brown, against the said complainant, as administrator as aforesaid, in the Superior Court of Meriwether County, requiring him to account for, and distribute, the assets of said estate. And that, upon the hearing of said case, the jury found a verdict against complainant, as administrator as aforesaid, for the whole amount of the proceeds of the sale of said lot of land, after deducting the expenses of the administration, and the share of one of the distributees, which he had paid; upon which finding, a decree was rendered, and a fieri facias issued thereon, which was proceeding to sell the property of complainant. It is further stated, that the children of William Brown were represented, in said bill, as minors, and appeared in said case, by the said John C. Willingham, as their next friend; and that he has removed from the State, and is wholly insolvent; and that complainant believes that his security on his bond is also insolvent. Complainant further states, that he had been informed, by said Willingham, that Nancy Brown had a child by the name of Elizabeth, who intermarried with Stephen Vickers, and that he so believed, and so admitted, in his answer to said bill: But that he has since made the most diligent enquiry, amongst those acquainted with the family, and cannot ascertain, except from the said Willingham, that there ever was such an individual, as Elizabeth Brown, daughter of the said Nancy Brown, or that any individual of the name of Vickers, at any time intermarried with one of the children of the said Nancy Brown. And that complainant believes, and charges, that John C. Willingham fraudulently represented, that the said Vickers and wife were distributees of said estate, to enable him to control and enjoy an interest in said estate, to which he was not entitled. And it is further charged, that if there ever were such persons, as Vickers and wife, they have long since removed from this State, and have not been heard of, except through said Willingham, for more than twenty years: and that he believes they had departed this life, before said verdict and decree were rendered. It is further charged, that Henry Knight, one of complainants in said bill, departed this life, during the progress of said cause, and before any verdict, or decree, was render-

[Keith vs. Willingham, et al.]

ed ; and that his legal representatives were not made parties. And also, that Nancy Copland died, during the pendency of said suit, and before the verdict and decree, and that her legal representatives were not made parties : and that said execution is proceeding illegally ; and, so far as Copland and wife, Knight and his wife, and Vickers and wife, are concerned, is absolutely null and void, in as much as two of them had died, during the pendency of the suit, and that Vickers and wife, if there ever were such persons, have been absent, without being heard of, for more than seven years. The bill prays that said verdict and decree, rendered in said case, may be set aside, and complainant permitted to retain in his hands the distributive shares of Willingham, and Knight, and that the Sheriff be enjoined, from proceeding with said fi. fa.

A motion is now made to dissolve said injunction, upon the ground, "that there is no equity in said bill, which would authorise the granting, or continuing, said injunction." This, then, is in the nature of a demurrer, and, for the purposes of the argument, all the charges in the bill must be taken to be true. For the defendants in the bill, it is contended, that this bill cannot be maintained, under the present state of facts, for the reason that it seeks to set aside a decree of the Court of Equity, which, it is contended, cannot be altered, reversed, or set aside, in any way, except on a petition for a re-hearing ; and when the decree has been enrolled (which it is contended is the case here) by a bill of review.—Authorities cited, 2 *Maddox Ch.* 453 ; 2 *Johnson's Ch. R.* 205 ; 2 *Maddox Ch.* 463. It is further contended, that this is not a bill of review ; and if it were, the facts stated are not such, as would authorise the granting a bill of review : As a bill of review can only be maintained, for errors in matters of Law, apparent on the face of the bill, or for newly discovered matter, which has come to the knowledge of the party, subsequent to the decree.— *Mitford's Pl.* 127; 2 *Maddox Ch.* 538 ; 3 *John. Ch. R.* 126. On the other hand, it is admitted, by complainant, that this is not a bill of review, and that the facts are not such, as to sustain such a bill. But it is contended, that it is an original bill, the object of which is to set aside the decree, rendered in the former suit, upon the ground that said decree is absolutely void, it having been rendered in favor of parties, who were dead, at the time it was rendered. Authorities relied on : the case of the Executors of King vs. John and Isaac

[Keith *vs.* Willingham, et. al.]

Bailey, *Charlton's R.* 190; 9 *Porter's Ala. R.* 178; 1 *Ala. R.* (new series) 712. 725.    In *Mitford's Pl.* 93, I find this doctrine: If a decree is obtained by fraud, it may be impeached, by original bill, without leave of the Court; and it seems, that it is not confined to cases of actual fraud, but extends also to cases of fraud, arising by implication.    And in the case of *Giffard vs.* Hort, 1 *Schoales & Lefroy*, 386, it is stated, that a decree, obtained without making parties of those whose rights are affected thereby, is fraudulent and void, as to those parties; and a purchaser under it, with notice of the defect, is not protected thereby.

Let us, then, examine the several grounds, upon which it is sought to set aside this decree, with reference to these authorities.    First, then, as to Knight and his wife, the charge is, that Knight died, pending the suit: and also, that his interest in the land, the subject matter of the litigation, had been sold and purchased by complainant. As to the first ground, it will be recollected, that the suit was in the name of Knight and wife, for a right which belonged to the wife: and the authority, as laid down in *Mitford's Pl.* 59; *Story's Eq. Pl.* 293; and 6 *John. Ch. R.* 132, is, that in a case of this sort, the suit does not abate, on the death of the husband.    As to the other ground, if in fact there had been such a sale of Knight's interest, as to divest the title of his wife, which is considered very doubtful; there is no reason assigned, why the party did not avail himself of this defence, on the former trial; and having neglected to do so, it is now too late, and he is precluded by the decree.

The only ground, urged against the decree, so far as the interest of Willingham and wife is concerned, is that his (Willingham's) interest had been sold, at Sheriff's sale; and this being a matter, which had happened before the decree, the same rule applies.

The ground upon which the decree is resisted, so far as the children of William Brown are concerned, is, that they were represented, in said suit, by the said Willingham, who, it is alleged, has removed from the State, and is insolvent; and it is believed, his security is also insolvent.    If these facts had existed, and had been made apparent to the Court, when the suit was commenced, or during its pendency; it might have been a sufficient reason, for having him

[Keith *vs.* Willingham, et al.]

removed, and another more trustworthy appointed, in his place. But I can not conceive, that this forms any valid objection to the decree, as it is not pretended they are not justly entitled to the sum, decreed in their favor.     And it does not lie with the complainant, to object to paying over the money, on this account, as his interest can not be affected by it.

Next, as to Copland's interest in said decree, the charge is, that Nancy, his wife, who was the meritorious cause of the suit, died, pending the suit, and that therefore, the suit, so far as she was interested, abated; and their being no plaintiffs, as to her interest, no decree could be rendered in her favor.   To this it is re-replied, that Chancery will not relieve against a judgment at law, unless the defendant in the judgment was ignorant of the fact in question, pending the suit, or unless he was prevented from availing himself of the defence, by fraud, or accident, or the act of the opposite party, unmixed with negligence, or fault, on his part.    This is a general rule.   But I apprehend it does not apply, to a case, where there are no parties to the suit.   The presumption is, that the party knows who are the proper plaintiffs, and ought to know when one of them dies: and if the suit is carried on, without proper parties before the Court, and a decree is rendered; it is at his own peril; and the defendant could not be protected, in paying off a judgment, under such circumstances: for there being no party before the Court, no one would be authorised to give a discharge.   It will not do to say, that a payment to the attorney would protect him: for no one can be the attorney of a dead person.   I am therefore of opinion, that the bill is well founded, so far as Nancy Copland's interest is concerned.

We next come to consider the charge, as to Vickers and wife; which is, that there are no such persons in existence, or that, if there ever were such persons, they had been absent from this State, for more than seven years, without being heard from; and that they were dead, before said decree was rendered; and that their names were fraudulently introduced into said bill, by said Willingham, and represented as distributees, for the purpose of enabling said Willingham to enjoy a share in said estate, to which he was not entitled.   Suppose, then, that there are no such persons: what, then, would be the consequence?—Why, that said estate would be subject to be divided, into

[Keith vs. Willingham, et al.]

four shares, instead of five, and the other distributees, to wit, Willing-ham and wife, Knight and wife, William Brown's children, and the representatives of Nancy Copland, would be entitled to the portion, assigned to Vickers and wife, in the decree ; and they are all capa-ble of receiving and receipting for the same, except Nancy Copland. Therefore, so far as these other parties are concerned, I can see no good reason, for reversing the decree. The decree has specified the amount, to which each of said complainants is entitled. The amount, decreed to Copland and wife, is one hundred [and fifty-five dollars and thirty cents, and the like sum to Vickers and wife. This being the case, the Injunction can be dissolved, as to the shares of some of the parties, and retained as to the others, so as to prejudice the rights of none.

It is therefore ordered, that the Injunction, granted in said case, be dissolved, so far as to authorise the execution, issued upon the said decree, to proceed to collect the several sums, due to Wil-lingham and wife, Knight and wife, and the children of William Brown, and three-fourths of the amount due to or decreed to Vickers and wife. And that said Injunction be retained, so far as to prevent the collection of the sum, decreed to Copland and wife, and one-fourth of the sum due to Vickers and wife, until the further order of this Court. And, inasmuch as it appears, that the said John C. Willingham, the next friend of the children of William Brown, deceased, has re-moved from this State, and is represented to be insolvent, and his se-curity also being represented to be insolvent, and is also alleged to have removed from the State, since the filing of said bill ;—it is there-fore ordered, that such portion of said decree, as is due to the said children, be withheld from the said John C. Willingham, and that the same, when collected, be paid into the office of the Clerk of the Superior Court of said County, subject to be paid out, to the lawful guardians of said children.